UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – EL PASO DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SUMERIAN ENTERPRISES LLC dba BACK NINE, and JUSTIN KAUFMAN, individually,<br><br>Defendants. | CIVIL ACTION NO.   3:19-cv-193<br><br><br>COMPLAINT |

Plaintiff, R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 6, 11, and 15 of the FLSA, 29 U.S.C. §§ 206, 211 & 215, and to restrain Defendants from withholding payment of minimum wage compensation due Defendants' employees, named in Exhibit A, for the period of time between December 1, 2016, to the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## THE PARTIES

1. Plaintiff R. Alexander Acosta is the Secretary of Labor, U.S. Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the minimum wage and record keeping provisions of the FLSA. 29 U.S.C. §§ 206, 211(c), 215(a)(2), 215(a)(5), and 217.

1

2. Defendant Sumerian Enterprises, LLC dba Back Nine ("Back Nine"), is a Texas corporation engaged in operating a bar and nightclub selling alcohol in the El Paso, Texas area, within the jurisdiction of this Court.

3. Defendant Justin Kaufman ("Kaufman"), an individual, resides in Texas, within the jurisdiction of this Court, and at all times hereinafter mentioned managed Defendant Back Nine.

4. Defendant Kaufman acted in the interest of the corporate Defendant Back Nine in relation to Back Nine's employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Kaufman is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant operates in this Judicial District.

## FLSA STATUTORY COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as processing credit card transactions and serving imported liquor, and in that they have an annual gross volume of sales made or business done of not less than $500,000.

## MINIMUM WAGE VIOLATIONS

8. Defendants violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce without compensating said employees wages at rates not less than the federal minimum wage since at least December 1, 2016, by, for example:

   a. Failing to pay servers and bartenders any cash wage;

   b. Requiring employees to purchase uniforms, specialty lingerie costumes, and memberships to a gym owned by Defendant Kaufman;

   c. Requiring employees to participate in a photography session for promotional photographs and not compensating them; and

   d. Requiring employees to compensate Back Nine for cash register shortages and for shortages caused by Back Nine patrons failing to pay their bills.

## RECORD KEEPING VIOLATIONS

9. Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep or preserve records reflecting wages paid to and tips received by tipped employees. Defendants also failed to display required FLSA information on its premises.

## PRAYER FOR RELIEF

10. As a result of the violations alleged above, unpaid minimum wage compensation is owing from Defendants to certain of Defendants' present and former employees including but not

limited to those persons specifically named in Exhibit A, and incorporated herein by reference, from December 1, 2016 to September 1, 2018.

11.     Inasmuch as the violations may have continued after Plaintiff's investigation, additional amounts for unpaid minimum wage accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from September 1, 2018 to the present.

12.     Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid minimum wage and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wage and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.     For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B.     For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wages due Defendants' employees for the periods from December 1, 2016 to September 1, 2018; and such additional amounts as may be found by this Court to be due for the period from September 1, 2018, until the date of judgment; and for equal additional amounts as liquidated damages;

C.     In the event liquidated damages are not awarded, an order pursuant to section 17

enjoining and restraining Defendants from withholding payment of unpaid minimum wages due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

  D.  A monetary award to Plaintiff for the costs of this action; and

  E.  Such other and further relief as this Court deems just and appropriate.

Dated this 15th day of July, 2019.

          Respectfully submitted,

          Kathleen O'Scannlain, Solicitor of Labor
          Connie M. Ackermann, Acting Regional Solicitor
          John Rainwater, Associate Regional Solicitor
          Lydia Tzagoloff, Wage Hour Counsel

          */s/Summer Silversmith*
          Summer Silversmith, Trial Attorney
          U.S. Department of Labor
          Attorneys for Plaintiff

# EXHIBIT A

1. Andrade, Sandra
2. Arno, Katherine
3. Arreola, Jade
4. Austin, Janessa
5. Avila, Alexa
6. Baeza, Carmen
7. Bayona, Mayra
8. Becerra, Loreli
9. Briseno, Diamond
10. Brown, Berenice
11. Bruno, Drina
12. Burgess, Riley
13. Bustillos, Alyssa
14. Campos, Daniela
15. Cano, Alexandra
16. Carpintero, Xavier
17. Castaneda, Priscilla
18. Cervantes, Vianey
19. Chacon, Elisa
20. Chandler, Leeza
21. Chase, Chanel
22. Chavez, Jaclyn
23. Chavez, Natasha
24. Chavira, Fabian
25. Chen, Emily
26. Colon, Talia
27. Compean, Alyssa
28. Corazza, Kara
29. Cordero, Ashleigh
30. Couder, Krystal
31. Cuevas, Leah
32. Cutbirth, Amanda
33. Delfin, Melissa
34. Delgado, Briana
35. Delgado, Gabriell
36. Dominguez, Belinda
37. DuPuy, Charlotte
38. Encizo, Marisol
39. Escadala, Bernadette
40. Estrada, Stephanie
41. Fonseca, Skylar
42. Foster, Victoria
43. Fragoso, Larissa

44. Frias, Lizbeth
45. Garcia, Alexa
46. Garcia, Jackie
47. Garcia, Liz
48. Garnica, Jacklyn
49. GGG, Jacks
50. Godinez, Cynthia
51. Gonzalez, Kathia
52. Gonzalez, Savannah
53. Greenwell, Mike
54. Gutierrez, Lesley
55. Hernandez, Beatriz
56. Hernandez, Desiree
57. Hildalgo, Ximena
58. Huerta, Daniel
59. Jackson, Rose
60. Jacqueline, Maldonado
61. Jaramillo, Karina
62. Jolley, Shawn
63. Juarez, Adriana.
64. Kelly, Natalie
65. Kim, Jay
66. Leal, Matthew
67. Lerma, Barbara
68. Lopez, Collette
69. Lopez, Rachel
70. Losano, Cynthia
71. Lozano, Ashley
72. Luqman, Junaynah
73. Maldonado, Jacqueline
74. Mar, Jesus
75. Martinez, Brittnee
76. Martinez, Justin
77. Martinez, Mariah
78. Mata, Josh
79. McKinnah, Sinclair
80. Mendoza, Sandra
81. Meneses, KD
82. Muela, Xavier
83. Muncie, Ashley
84. Nash, Amanda
85. NAME, NO
86. Newberry, Joe
87. Ochoa, Emily
88. Oshiro, Quincy
89. Pacheco, Andrea

90. Phomparky, Asia
91. Pineda, Pricilla
92. Quinones, Joray
93. Ramirez, Daisy
94. Ramirez, Luis
95. Ramirez, Syvannah
96. Reinhard, Sona
97. Reiter, Chelsea
98. Remdom, Karan
99. Remler, Rita
100. Rey, Alyssa
101. Reyes, Keidies
102. Ricardina, Jose
103. Rios, Bianca
104. Rios, Cassidy
105. Robinson, Kylah
106. Rodriguez, Rene
107. Rojas, Jackie
108. Romero, Rene
109. Roose, Desiree
110. Rosales, Krishna
111. Rosas, Tori
112. Ruiz, Hector
113. Ruvalcaba, Jacob
114. Salas, Aaron
115. Sanchez, Victor
116. Sandoval, Adrain
117. Santillan, Jasmin
118. Seei, Mandy
119. Severa, Jacob
120. Smith, Cheyanne
121. Smith, Elizabeth
122. Solis, Brianna
123. Speller, Laneisa.
124. Streussnig, Erica
125. Summers, Kris
126. Thompson, Lyddia
127. Timberlake, Bri
128. Trujillo, Anna
129. Trujillo, Gabriela
130. Vallego, Miracle
131. Vasquez, Alex
132. Vasquez, Danielle
133. Vilchis, Stephaine
134. WongWui, Elyssa