UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – EL PASO DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SUMERIAN ENTERPRISES LLC dba BACK NINE, and JUSTIN KAUFMAN, individually,<br><br>Defendants. | 19-CV-193-DB |

## CONSENT JUDGMENT AND INJUNCTION

Plaintiff Eugene Scalia, Secretary of Labor, U.S. Department of Labor ("Secretary"), and Defendants Sumerian Enterprises LLC dba Back Nine ("Back Nine"), and Justin Kaufman (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment and Injunction ("Judgment"). Defendants acknowledge their responsibilities pursuant to this Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment.

Upon the motion of the Secretary it is hereby:

**ORDERED, ADJUDGED, AND DECREED**, that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating any of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), including the minimum wage, overtime,

1

recordkeeping, and retaliation provisions, 29 U.S.C. §§ 206, 207, 215(a)(2)-(5). Specifically:

## I. **PERMANENT INJUNCTION**
### (Compliance with the FLSA)

A. Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

B. Defendants shall comply with the requirements of section 3(m) of the FLSA for all employees for whom Defendants claim a credit for customer tips against their minimum wage obligations.

C. Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any non-exempt employees for workweeks longer than forty hours without compensating such non-exempt employees for their employment in excess of forty hours per workweek at rates not less than one-and-one-half times the regular hourly rates at which they are employed.

D. Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the FLSA and found at 29 C.F.R. Part 516.

E. Defendants shall not, contrary to section 15(a)(3), in any way discriminate, retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken, against any employee who exercises or asserts his or her rights under the FLSA (including without limitation, providing information to any public agency investigating compliance with the FLSA,

filing any complaint or instituting or causing to be instituted any proceeding under or related to the FLSA, testifying or preparing to testify in any such proceeding, or serving or preparing to serve on an industry committee).

F.   Violation of any paragraph herein may subject Defendants to equitable and legal damages, including civil contempt.

## II. PAYMENT OF BACK WAGES AND PENALTY

A.   Defendants are hereby enjoined from withholding and are ordered to pay to the Secretary $37,500 in back wages for unpaid overtime compensation and an additional $37,500 in liquidated damages that is due to the individuals and in the amounts on the attached Exhibit A (or any amendments thereto).

B.   Defendants will pay the aggregate amount of $75,000, with applicable interest, in the amounts and on or before the dates designated as follows:

| Date | Principal Amount and Allocation (Back Wages/Liquidated Damages) | Interest (2%) | Payment Amount |
|---|---|---|---|
| September 15, 2020 | $25,000.00 (liquidated damages) | 0 | $25,000.00 |
| October 15, 2020 | $4,962.62 (liquidated damages) | $83.33 | $5,045.95 |
| November 15, 2020 | $4,970.89 (liquidated damages) | $75.06 | $5,045.95 |
| December 15, 2020 | $2,566.49 (liquidated damages) $2,412.68 (back wages) | $34.42 $32.36 | $5,045.95 |
| January 15, 2021 | $4,987.47 (back wages) | $58.48 | $5,045.95 |
| February 15, 2021 | $4,995.78 (back wages) | $50.17 | $5,045.95 |
| March 15, 2021 | $5,004.11 (back wages) | $41.84 | $5,045.95 |
| April 15, 2021 | $5,012.45 (back wages) | $33.50 | $5,045.95 |
| May 15, 2021 | $5,020.80 (back wages) | $25.15 | $5,045.95 |
| June 15, 2021 | $5,029.17 (back wages) | $16.78 | $5,045.95 |
| July 15, 2021 | $5,037.54 (back wages) | $8.40 | $5,045.94 |
| TOTAL | $75,000.00 | $459.49 | $75,459.49 |

C.   Defendants will pay each installment by placing a cashier's check or other certified funds payable to "**U.S. Department of Labor – Wage and Hour Division,**" with the words "**Back Nine – Case ID #1862192**" stated on the check, in the U.S. Mail, first-class, postage pre-paid, on or before the dates above, and addressed to **U.S. DOL Wage Hour Division, 525 S. Griffin, Suite 800, Dallas, TX 75202**. Alternatively, Defendants may pay online by going to

https://www.pay.gov/public/form/start/77705201 or by going to www.pay.gov and searching for "WHDBWSW". The Case Number is 1862192.

    D.    If Defendants fail to make an installment payment, the entire balance shall become due and payable immediately. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collections costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134).

    E.    Within 30 calendar days from the entry of this Judgment, Defendants will provide to the Secretary the employee identification information on file (as required to be kept under 29 C.F.R. Part 516) for each individual on Exhibit A, including full name, last known address, and social security number. For any former employees whose information Defendants failed to collect at the time of employment, Defendants will make every effort to acquire this information, including attempting to contact former employees through social media, text, and telephone.

    F.    The Secretary, for back wages owed, will compute the tax deductions, consisting of federal income tax withholding and the employee's share of the social security (FICA) tax, provide an itemization thereof, and distribute the monies to the employees or former employees identified on Exhibit A (which includes the corresponding amount owed to each individual) or their legal representatives as their interests may appear. Defendants are responsible for the employer's share of the FICA tax with regard to the back wages distributed by the Secretary.

    G.    Any sums that cannot be distributed to the employees, or to their personal representatives because of the inability of either the Secretary or Defendants to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Secretary in a special deposit account to be paid to the rightful employee. If such sums are not claimed by

the employee (or a personal representative of the employee) within three years, the Secretary shall deposit them into the United States Treasury as miscellaneous receipts.

### III. MISCELLANEOUS PROVISIONS

A.  Defendants shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of their past or current employees, including without limitation those listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment.

B.  Within 30 days of the entry of this Judgment, Defendants shall place FLSA posters in a location where employees are regularly present and may view them.

C.  By entering into this Judgment, the Secretary does not waive his right to conduct future investigations of Defendants and to take appropriate enforcement action with respect to any past, present, or future violations disclosed by such investigations, including, but not limited to, assessment of civil money penalties.

D.  In the event Defendants fail to comply with this Judgment, the parties agree that the statute of limitations will be tolled dating back to September 15, 2018, and Plaintiff or individuals under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), will have the right to bring an action against Defendants for back wages and liquidated damages.

E.  This Judgment shall not be interpreted to prejudice or preclude the rights of any employees of Defendants not listed in Exhibit A to this Judgment to file any action against Defendants under section 16(b) of the Act. Nor shall this Judgment be interpreted to prejudice or preclude the Secretary of Labor, or any employees of Defendants, to file any action against Defendants under the Act covering violations alleged to have occurred after September 15, 2018.

F. This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

G. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any costs referenced under the Equal Access to Justice Act, as amended.

DATED: SEPT. 9, 2020

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

Entry of the foregoing judgment and injunction is hereby consented to:

FOR THE SECRETARY OF LABOR:

KATHLEEN O'SCANNLAIN, Solicitor of Labor
JOHN RAINWATER, Regional Solicitor
LYDIA TZAGOLOFF, Acting Associate Regional Solicitor
TYLER McLEOD, Acting Wage Hour Counsel

_Summer Silversmith_ DATED: 9/4/2020
SUMMER SILVERSMITH
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
1244 Speer Boulevard, Suite 515
Denver, CO 80204


FOR THE DEFENDANT JUSTIN KAUFMAN:

_____ DATED: 9/8/20
JUSTIN KAUFMAN

FOR THE DEFENDANT SUMERIAN ENTERPRISES LLC DBA BACK NINE:

_____ DATED: 9/8/20
JUSTIN KAUFMAN, OWNER

As to form:

_____ DATED: 9/4/2020
Michael D. McQueen
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901

7

**EXHIBIT A**

| First Name | Last Name | Back Wages Due |
|---|---|---|
| Sandra | Andrade | $ 48.59 |
| Jade | Arreola | $ 130.64 |
| Janessa | Austin | $ 35.55 |
| Alexa | Avila | $ 1,198.36 |
| Carmen | Baeza | $ 122.25 |
| Mayra | Bayona | $ 59.40 |
| Loreli | Becerra | $ 428.57 |
| Diamond | Briseno | $ 58.75 |
| Berenice | Brown | $ 240.18 |
| Drina | Bruno | $ 1,110.02 |
| Riley | Burgess | $ 4,110.36 |
| Alyssa | Bustillos | $ 645.89 |
| Daniela | Campos | $ 702.22 |
| Alexandra | Cano | $ 386.06 |
| Xavier | Carpintero | $ 1,173.86 |
| Priscilla | Castaneda | $ 910.37 |
| Vianey | Cervantes | $ 260.50 |
| Elisa | Chacon | $ 628.33 |
| Natasha | Chavez | $ 91.66 |
| Fabian | Chavira | $ 2,672.69 |
| Emily | Chen | $ 181.32 |
| Talia | Colon | $ 2,048.22 |
| Alyssa | Compean | $ 98.61 |
| Kara | Corazza | $ 43.07 |
| Ashleigh | Cordero | $ 158.47 |
| Krystal | Couder | $ 335.49 |
| Amanda | Cutbirth | $ 177.78 |
| Melissa | Delfin | $ 33.36 |
| Briana | Delgado | $ 59.08 |
| Gabriell | Delgado | $ 49.37 |
| Belinda | Dominguez | $ 452.86 |
| Bernadette | Escadala | $ 284.13 |
| Stephanie | Estrada | $ 4,280.74 |
| Skylar | Fonseca | $ 788.46 |
| Victoria | Foster | $ 7,932.05 |
| Larissa | Fragoso | $ 287.89 |

| First Name | Last Name | Back Wages Due |
|---|---|---|
| Lizbeth | Frias | $ 1,984.51 |
| Alexa | Garcia | $ 185.18 |
| Jackie | Garcia | $ 1,336.60 |
| Cynthia | Godinez | $ 107.78 |
| Kathia | Gonzalez | $ 1,377.70 |
| Mike | Greenwell | $ 415.88 |
| Lesley | Gutierrez | $ 2,767.66 |
| Beatriz | Hernandez | $ 226.26 |
| Desiree | Hernandez | $ 98.61 |
| Daniel | Huerta | $ 956.64 |
| Rose | Jackson | $ 100.50 |
| Adriana | Juarez | $ 53.89 |
| Jay | Kim | $ 981.38 |
| Matthew | Leal | $ 478.04 |
| Collette | Lopez | $ 1,391.29 |
| Rachel | Lopez | $ 509.84 |
| Cynthia | Losano | $ 176.14 |
| Ashley | Lozano | $ 136.49 |
| Junaynah | Luqman | $ 392.58 |
| Jacqueline | Maldonado | $ 319.36 |
| Jesus | Mar | $ 47.26 |
| Brittnee | Martinez | $ 206.93 |
| Mariah | Martinez | $ 524.21 |
| Sinclair | McKinnah | $ 214.57 |
| Sandra | Mendoza | $ 121.36 |
| Xavier | Muela | $ 90.55 |
| Ashley | Muncie | $ 297.38 |
| Joe | Newberry | $ 284.13 |
| Quincy | Oshiro | $ 1,534.07 |
| Asia | Phomparky | $ 643.35 |
| Pricilla | Pineda | $ 74.88 |
| Joray | Quinones | $ 3,989.65 |
| Daisy | Ramirez | $ 2,314.91 |
| Syvannah | Ramirez | $ 69.90 |
| Sona | Reinhard | $ 2,997.24 |
| Chelsea | Reiter | $ 514.82 |
| Karan | Remdom | $ 55.21 |
| Rita | Remler | $ 363.42 |

| First Name | Last Name | Back Wages Due |
|---|---|---|
| Keidies | Reyes | $ 1,143.93 |
| Jose | Ricardina | $ 283.47 |
| Bianca | Rios | $ 443.69 |
| Cassidy | Rios | $ 1,035.16 |
| Kylah | Robinson | $ 349.06 |
| Rene | Rodriguez | $ 54.10 |
| Jackie | Rojas | $ 114.74 |
| Rene | Romero | $ 3,027.39 |
| Desiree | Roose | $ 204.28 |
| Tori | Rosas | $ 73.11 |
| Hector | Ruiz | $ 238.63 |
| Jacob | Ruvalcaba | $ 758.53 |
| Aaron | Salas | $ 91.66 |
| Adrain | Sandoval | $ 428.25 |
| Jasmin | Santillan | $ 62.51 |
| Mandy | Seei | $ 1,031.63 |
| Jacob | Severa | $ 123.89 |
| Cheyanne | Smith | $ 275.84 |
| Elizabeth | Smith | $ 159.69 |
| Brianna | Solis | $ 1,383.00 |
| Laneisa | Speller | $ 694.04 |
| Erica | Streussnig | $ 177.67 |
| Kris | Summers | $ 78.73 |
| Lyddia | Thompson | $ 62.17 |
| Anna | Trujillo | $ 61.63 |
| Miracle | Vallego | $ 222.84 |
| Alex | Vasquez | $ 1,321.16 |
| Danielle | Vasquez | $ 72.65 |
| Stephaine | Vilchis | $ 91.66 |
| Elyssa | WongWui | $ 369.61 |